against his own deed, was sound law, and ought to be adhered to.(d)

1802.

ALLEN
v.
HOLKINS.

(d) See *Hart* v. *M'Intosh*, 1 *Esp. Rep.* 289. To *assumpsit* by the indorsee of a promissory note, against the maker, the defence was illegality in the consideration, and the indorser was called to prove it. His evidence was objected to, on the ground, that it came within the rule in *Walton* v. *Shelly*. It was answered, that the court of King's Bench had now adopted a contrary rule. BULLER, J. before whom the case was tried, asked, if the last mentioned rule had ever been adopted in the Common Pleas? and being answered in the negative, he said he would adhere to the rule laid down by Lord MANSFIELD; and he accordingly rejected the evidence of the witness. *Le Blanc*, Serjt. said, that EYRE, Ch. J. had been of opinion, that the testimony of a witness under such circumstances was inadmissible.

The case of *Jordaine* v. *Lashbrooke* was decided in the King's Bench, after Justice BULLER had resigned his seat in that Court, and was appointed one of the Judges of the Common Pleas.

# Perrin *v.* Sikes.

### In the Court below,

REUBEN SIKES, *Plaintiff;* THOMAS PERRIN, EZRA CLAPP, ROWLAND WELLER, and JOHN MATHER, *Defendants*.

THIS was an action of debt, in favour of the plaintiff as a common informer, to recover a penalty incurred by the defendants, in running a stage " on the post-road " from Hartford leading to Boston, through the northern " part of the town of Hartford, the town of Windsor, " and a great part of the town of Suffield," in violation of a grant made by the General Assembly to the plaintiff,

This Court will make no order touching the records of another Court.

In an action of debt, to recover double the value of a specific article, as a penalty, by statute, plaintiff may recover a less sum than he demanded.

A grant, by the General Assembly, of an exclusive privilege, with a penalty, to a common informer, against any one who should violate it, to forfeit a specific article, or double the value thereof, is valid.

HARVARD LAW LIBRARY

1802.

PERRIN
v.
SIKES.

for the exclusive privilege of carrying passengers, by the stage, " on the post-road leading to Boston as far as the " Massachusetts line," during the pleasure of the Assembly. The grant declared, that whosoever should set up and drive a stage, for the purpose of carrying passengers, on the same road, should forfeit his stage and horses, " OR *double the value thereof*." The declaration stated, that the defendants' stage and horses were of the value of $ 700, and demanded $ 1400 as the penalty.

On the plea of owe nothing, the jury found for the plaintiff, with $ 692 damages.

The defendants moved in arrest of judgment, that the declaration was insufficient; and, that the verdict was for a less sum than the demand. The declaration was adjudged sufficient, and the motion in arrest insufficient.

On inspecting the record, it appeared, that the Clerk of the Superior Court had, by mistake, entered up judgment against one of the defendants, by the name of *Rowland Miller*, whereas he was described in the original writ, by the name of *Rowland Weller*.

*Edwards*, (of New-Haven) and *Huntington*, (of Suffield) for the defendant in error, moved the Court, to permit the Clerk of the Superior Court to amend his record.

*Dwight* and *Terry*, for the plaintiffs in error, opposed the motion, on the ground, that this Court could not interpose, even to give permission respecting the records of another court.

THE COURT denied the motion.

*The Counsel* for the defendants, having procured the Clerk of the Superior Court to amend his record in the particular specified, moved, that the writ of error here might be made conformable to the record of the Court below, as now produced by the Clerk ; which was allowed, and done accordingly.

On the merits of the writ of error, the *Counsel* for the plaintiffs urged, 1. That as they had set up a stage to run to Westfield and Albany, through part of Suffield, it was not a violation of *Sikes*'s grant, as that contemplated only a stage going to Boston : 2. That a less sum was given than demanded, which was error in an action of debt : 3. That the grant was void, the penalty being the horses and carriages, OR *double the value thereof.*

For the defendant in error it was urged, that the spirit of the grant was, that he should enjoy the exclusive right to transport passengers to the Massachusetts line ; and that if the defendants below would set up a stage interfering therewith, they ought to obtain permission of the General Assembly ; that in such an action of debt as this the plaintiff may recover less than the sum demanded ; and that the grant was such as the General Assembly thought proper to make, and the Court could not say it was void.

BY THE WHOLE COURT,

The judgment was affirmed.